UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

THE UNITED STATES OF AMERICA                    05 CR 0096 (CLB)

    v.                                           *Memorandum and Order*

RICHARD SIMPSON,

                       Defendant.
------------------------------------------------------- X

Brieant, J.

      By motion filed August 2, 2005 (Doc. No. 13), Defendant Richard Simpson moves to dismiss a one count indictment for illegal reentry filed January 24, 2005. Defendant contends that the indictment must be dismissed because the proceedings resulting in his deportation were fundamentally unfair due to his counsel's failure to perfect an appeal after stating in the deportation hearing that they would appeal deportability and due to what Defendant considers the Immigration Judge's ("IJ") mistaken view that Defendant was not eligible for discretionary relief. Opposition papers were filed by the United States on September 8, 2005.

**Background**

      Defendant was born in Kingston, Jamaica and lawfully entered the United States as a non-immigrant temporary visitor in 1991 for a period not to exceed February 6, 1992. He overstayed his visa, and on February 18, 1993, Defendant was convicted in Monroe County Court of criminal possession of marijuana in the fifth degree, for which he was granted a Youthful Offender adjudication and placed on probation for one year. Two years later, on April 14, 1995, Defendant was convicted in the City Court for the City of Rochester on a guilty plea of

1

attempted criminal sale of marijuana in the fourth degree, a class B misdemeanor. He was sentenced to a conditional discharge with twenty hours of community service. At some time in 1995, he married a naturalized American citizen of Jamaican birth and in 1996, he graduated from John Marshall High School.

In December of 1996, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against him. The INS contended that Defendant was a deportable alien because: 1) he had remained in the United States for a time longer than permitted; 2) he had been convicted of an "aggravated felony" as defined in Section 101(a)(43) of the Immigration and Nationality Act ("INA" or "the Act"); and 3) that after entry, he had been convicted of a violation of (or conspiracy to attempt to violate) any law or regulation of a state, the United States, or a foreign country relating to a controlled substance offense (other than a single offense involving possession for one's own use of 30 grams or less of marijuana.) Defendant was taken into immigration custody on December 3, 1996, and deportation proceedings were conducted in the U.S. Immigration Court in Buffalo, NY on December 10, 1996, December 24, 1996, and January 14, 1997.

On December 12, 1996, Defendant's wife filed a Petition for Alien Relative, which was ultimately approved on January 30, 1997. Defendant did not thereafter obtain or apply for lawful permanent resident ("LPR") status. On December 24, 1996, Defendant was released from INS custody upon his posting of a $15,000 bond.

At the January 14, 1997 hearing, Defendant admitted that he remained in the United States for longer than he was permitted, and admitted to the drug conviction on December 1, 1995, but denied that the conviction for the attempted criminal sale of marijuana constituted an aggravated felony under immigration law and stated that there should be discretionary relief from use of the drug conviction for purposes of deportation.

On January 14, 1997, the Immigration Judge ("IJ") issued an oral decision finding Defendant deportable on all three bases. The IJ found Defendant's factual admissions to constitute clear, convincing and unequivocal evidence that Defendant had remained in the United States for a longer time than permitted in violation of Section 241(a)(1)(B) of the Act and that he was convicted of a controlled substance violation in violation of Section 241(a)(2)(B)(I) of the Act. The IJ also found that the 1995 conviction for Attempted Criminal Sale of Marijuana, in violation of Sections 110 and 221.40 of the penal law of the State of New York, was analogous to a felony federal drug trafficking conviction under 21 U.S.C. §846. The IJ thereby concluded that Defendant was also deportable on the ground of being convicted of an aggravated felony drug offense in violation of Section 241(a)(2)(B)(iii) of the Act. The IJ also concluded that Defendant was statutorily ineligible for a voluntary departure because he was convicted of a controlled substance offense, was an alien convicted of an aggravated felony after entry, and could not establish that he was a person of good moral character.

The IJ advised Defendant of his right to appeal and Defense counsel indicated Defendant's intent to appeal. The IJ then asked Defendant if he waived certain recitations of the

limitations on discretionary relief for failure to depart as required, and noted that he was not sure whether Defendant was eligible for any form of discretionary relief.

Counsel for Defendant filed a timely notice of appeal with the BIA and due to health constraints, was granted additional time (until Sept. 3, 1997) to file his brief. No brief was filed and no explanation was offered for failure to file the brief. Accordingly, the BIA issued a summary dismissal of the appeal on November 17, 1997. Defendant did not seek to vacate the order or appeal it to the Circuit Court of Appeals. Nor did Defendant filed a habeas petition challenging the deportation order or seeking recision of the deportation order.

On November 25, 1997, Defendant was convicted after trial of criminal possession of marijuana in the second degree and sentenced to 16 months to 4 years imprisonment. On July 16, 1998, Defendant was taken into INS custody and on July 28, 1998, Defendant was deported to Jamaica.

In late 2004, Defendant was arrested in Westchester County and charged with Criminal Possession of a controlled substance. On December 30, 2004, Defendant was charged with illegal reentry under 8 U.S.C. §1326(a) & (b)(2) and a one-count indictment was filed on January 24, 2005.

Defendant moves to dismiss the indictment by way of collateral attack on the underlying deportation order. He argues that the deportation proceedings were fundamentally unfair based

on Counsel's failure to perfect Defendant's appeal from the deportation order, which he argues constituted ineffective assistance of counsel and a failure of due process in the immigration context. He also argues that the IJ's mistaken understanding and comments about discretionary relief deprived him of an opportunity to obtain discretionary relief, and that this also rendered the proceedings fundamentally unfair.

The Government argues that Defendant's motion should be denied because he cannot show prejudice, in as much as he was ineligible for discretionary relief from deportation; that he cannot show that he was deprived of an opportunity for judicial review; and that he cannot mount a collateral attack on his deportation proceeding because he failed to exhaust his administrative remedies.

*Discussion*

The procedural safeguards to be accorded aliens in deportation or removal hearings must satisfy due process, but "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *United States v. Fernandez-Antonia,* 278 F.3d 150, 156 (2d Cir. 2002) (citations and internal quotations omitted). Congress codified the conditions under which a Defendant may collaterally challenge the validity of a deportation order when the order is an element of a criminal offense as follows:

> In a criminal proceeding under this section[1326], an alien may not challenge the validity of the deportation order ... unless the alien demonstrates that:
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the

>           alien of the opportunity for judicial review; and
>     (3) the entry of the order was fundamentally unfair.

8 U.S.C. §1326(d). "The[se] requirements are conjunctive, and [a Defendant] must establish all three in order to succeed in his challenge to his removal order." *United States v. Fernandez-Antonia*, 278 F.3d 150, 157 (2d Cir. 2002).

As a preliminary matter, even if the Court were to conclude, which it does not, that Defendant the order was fundamentally unfair under §1326(d)(3), Defendant's motion would still fail because Defendant failed to demonstrate that he was deprived the opportunity for judicial review under §1326(d)(2) and that he exhausted his administrative remedies under §1326(d)(1). In *United States v. Gonzalez-Roque*, 301 F.3d 39 (2d Cir. 2002), the Court of Appeals reinstated a dismissed indictment, in part because it held that the alien was not deprived judicial review where habeas review was available, despite uncertainty as to whether habeas petitions were appropriate after the IIRIRA Amendments. The uncertainty did not render the relief unavailable. Here, Defendant did not take the opportunity to seek habeas review of the BIA's November 17, 1997 dismissal of the appeal. He was in prison from November 26, 1997 until he was deported on July 28, 1998. During this time of eight months, he had a realistic opportunity to file a habeas petition seeking judicial review of his claim for ineffective assistance of counsel and mistakes by the IJ. Defendant also has not shown or alleged that he tried to have the BIA dismissal vacated, or that he made any effort to administratively reopen his case before the IJ or BIA during the eight months he remained in the United States after the appeal was dismissed. He also has not alleged that attempts for administrative relief were made beyond his wife's filing of a petition for an alien relative. These failures also render the exhaustion of

6

administrative remedies requirement unsatisfied.

Defendant's motion must also be denied on the basis that he has failed to establish that the deportation proceeding was fundamentally unfair. Defendant concedes that the Sixth Amendment right to counsel does not apply to this deportation case and that claims for ineffective assistance of counsel, in the context of deportation proceedings, are evaluated under a different standard, namely, whether the alleged failure of counsel constitutes a deprivation of the Fifth Amendment right to due process and renders the proceedings "fundamentally unfair." *See United States v. Perez*, 330 F. 3d 97, 101; *Def. Memo. at 1-2*. A finding of "fundamental unfairness" requires a showing of actual prejudice. *Fernandez-Antonia*, 278 F.3d at 159 (2d Cir. 2002). "In order to show prejudice, he must show that absent the procedural errors, he would not have been removed. *Id*. A defendant "must show both a fundamental procedural error and prejudice resulting from that error." *Id*.

It was presumably ineffective assistance of counsel and a fundamental procedural error for Defendant's counsel to fail to perfect an appeal on his behalf after stating that he would. Defendant has nevertheless failed to show prejudice, as he has not shown, and cannot show that he would not have been deported if defense counsel had timely filed the appellate brief challenging the IJ's use of the 1995 drug conviction as a basis of deportation. As found by the IJ, Defendant admitted facts satisfying at least two separate bases for deportation, namely that he overstayed his legal visit to the United States and that he was convicted of a crime involving a controlled substance. *See Jan. 14, 1997 Transcript at 17, 18*. The gravamen of his argument

during the deportation proceedings was as to whether the 1995 conviction for Attempted Criminal Sale of Marijuana should constitute an aggravated felony for deportation purposes, as held by the IJ. *See Id. at 17-18*. Defense Counsel stated during the hearing:

> I can understand you finding my client deportable because of an overstay. I can also ... understand you finding him deportable because of being convicted but then he's entitled to relief and I've outlined relief ...[b]ut I seriously challenge the Government's position in trying to convert a Class B misdemeanor conviction under state law into a federal felony and then saying that the immigration law intended this kind of process to occur.

*Id. at 28*.

The transcript of the January 14, 1997 conference indicates that in order to be "consistent," Defense Counsel also contested the use of the conviction related to a controlled substance as a basis for deportation, stating that "for the present time, we will challenge that, Your Honor, to be consistent with my prior position." *Id. at 18, See also Id. at 28*. However, he also conceded that "the only thing you can use here from this conviction is that he was convicted of a controlled substance." *Id. at 26*.

*Availability of Discretionary Relief*

Defendant argues that the IJ was mistaken in his belief that the Amendments may have affected his eligibility for discretionary relief. In fact, the restrictions imposed on the availability of Section 212(c) relief by those statutes would not apply to Defendant, because he pled guilty to the 1995 drug violation. *See INS v. St. Cyr*, 533 U.S. 289 (2001) (AEDPA Section 440(d) could not be applied retroactively to aliens who pled guilty to crimes prior to 1996 that made them ineligible for Section 212(c) relief under the 1996 Amendments). In any case, the IJ applied the pre-Amendment law to Defendant's deportation case (he concluded ineligibility but noted a

8

change in the law might possibly render his determination erroneous).

Defendant's Counsel during the deportation proceeding cursorily mentioned to the IJ that he believed that discretionary relief would be available to Defendant on the deportation ground of being convicted of a controlled substance related crime. The Government disputes that the IJ was discussing whether discretionary relief was available from deportation. The Government argues that the discretionary relief mentioned by the IJ is as to whether the change in law affected Defendant's ability to obtain the discretionary relief of a voluntary departure. At the end of the oral decision, the IJ stated:

> IJ: The Court, therefore, must deny the respondent's request for voluntary departure as the respondent is statutorily ineligible for such relief. The respondent appears to be ineligible for any form of relief from deportation."

*Oral Decision at 7.* After rendering his oral decision, the IJ further stated:

> IJ: We're back on the record. Mr. Walentinowitz, I'm not certain whether or not he is eligible for any form of discretionary relief. As I indicated, it is my conclusion that he is not but if – should he become eligible --
>
> Atty: Hm-mmm.
>
> IJ: - - there's been a change in law, because the determination that I am erroneous in my conclusions, do you waive a recitation to the respondent of the limitations on discretionary relief for failure to depart as and when required?
>
> Atty: Yeah, (indiscernible)
>
> IJ: All right.

*January 14, 1997 Transcript at 33-34.*

This excerpt seems to show that the IJ was alluding to the discretionary relief of a voluntary departure and that Defendant waived a reading of the limitations on relief for failure to properly depart, should Defendant later be deemed eligible for a voluntary departure, i.e., if the change in the law somehow rendered the IJ's determination regarding the discretionary relief of a voluntary departure incorrect.

Finally, as the Government has argued, Defendant was, in fact, ineligible for §212(c) relief. Our Court of Appeals described the discretionary relief formerly available under §212(c) as follows:

> Under Section 212(c) of the INA, the Attorney General had broad discretion to waive the deportation of any criminal alien who demonstrated that he or she had maintained a lawful domicile in the United States for at least seven years and who had not been convicted of an "aggravated felony" for which he or she served a term of imprisonment of five years or longer. See 8 U.S.C. § 1182(c) (1994).

*Sol v. INS*, 274 F.3d 648, 649 (2d Cir. 2001).

Defendant was not a lawful permanent resident with seven years of lawful domicile in the United States and was therefore ineligible for §212(c) relief.[1] He therefore could not have been prejudiced by a possibly mistaken view of the impact of the Amendments on Defendant's case.

---

[1] The Court declines analysis of the *Drax v. Reno*, 338 F.3d 98 (2d Cir. 2003) and *Matter of Gabryelsky*, 20 I. & N Dec. 162 (BIA 1974) combined relief for an alien seeking adjustment of status because while an alien petition was filed, the record reveals that no application for adjustment of status to lawful permanent resident under 8 U.S.C. §1255 (§245 of the INA) was filed.

*Cf. United States v. Perez*, 330 F.3d 97 (2d Cir. 2003)(Defendant was prejudiced by counsel's ineffective assistance in failing to timely file a §212(c) application for relief where Defendant made a showing that he *was* eligible for §212(c) relief.).

*Conclusion*

Defense counsel's failure to perfect the appeal of the deportation order of the IJ presumably constituted ineffective assistance of counsel. The undisputed additional bases for deportation, however, show that Defendant was not unfairly prejudiced by his Counsel's failure to contest whether the drug conviction constituted an aggravated felony for deportation purposes. "[I]n order to demonstrate prejudice an alien must show that his proceeding contained errors so fundamental that he might have been deported in error." *Fernandez Antonia*, 278 F.3d at 159. Defendant has failed to show that absent his Counsel's failure to appeal, "he would not have been removed." *See United States v. Fernandez-Antonia at 159*. There were two undisputed factual and legal bases for Defendant's deportation, apart from the questioned basis of whether his drug conviction should count as an aggravated felony. In this case, Defense Counsel's ineffective assistance for failure to appeal the aggravated felony basis of deportation did not so prejudice Defendant as to render the proceedings fundamentally unfair. In addition, Defendant did not meet the additional requirements for collateral attack of an underlying deportation order, in that he did not exhaust administrative remedies to seek relief and he was not deprived of the opportunity for judicial review.

Motion denied. Defendant's final day to accept responsibility is November 21, 2005.

Counsel shall be ready for trial on forty-eight (48) hours notice on and after December 5, 2005. Submit proposed *voir dire* and witness lists as soon as conveniently possible and requests to charge.

X

       X

            X

              X

                X

SO ORDERED.

Dated: White Plains, New York
       October 31, 2005        _____
                                                              Charles L. Brieant, U.S.D.J.

SO ORDERED.

Dated: White Plains, New York
October 31, 2005

_Charles L. Brieant_
Charles L. Brieant, U.S.D.J.